UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMERICAN SIGNATURE INC., et al.,

      Plaintiffs,                              Case No. 2:09-cv-878
                                                JUDGE GREGORY L. FROST
     v.                                       Magistrate Judge Mark R. Abel

MOODY'S INVESTORS SERVICES, INC., et al.,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of a motion to transfer filed by Defendants The McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services, LLC (Doc. # 26), a notice of joinder in that motion filed by Defendant Moody's Investors Service, Inc. (Doc. # 30), a memorandum in opposition filed by Plaintiffs, American Signature Inc. and SEI, Inc. (Doc. # 37), and a reply memorandum filed by The McGraw-Hill Companies, Inc and Standard & Poor's Financial Services LLC (Doc. # 39). For the reasons that follow, the Court **GRANTS** Defendants' motion to transfer and **TRANSFERS** the case to the United States District Court for the Southern District of New York.

**I. Background**

American Signature, Inc. and SEI, Inc. ("Plaintiffs") are Ohio and Nevada corporations respectively, both with their principal places of business in Ohio. Plaintiffs, through their former investment advisor, Lehman Brothers, Inc. ("Lehman"), purchased auction rate securities ("ARS") based upon credit ratings issued by Standard & Poor's Financial Services, LLC, The

1

McGraw-Hill Companies, Inc., and Moody's Investors Services, Inc. ("Defendants").  On August 31, 2009, Plaintiffs filed a complaint in the Court of Common Pleas for Franklin, County, Ohio against Defendants, asserting claims for fraud, violation of § 10(b) of the Securities Act and 10b-5 promulgated thereunder, violation of Ohio's Blue Sky Laws, and negligent misrepresentation.  (Doc. #3.)  Defendants removed the case to this Court on October 6, 2009.  (Doc. # 2.)

Plaintiffs then filed their First Amended Complaint on December 4, 2009, again asserting claims for fraud, violation of § 10(b) of the Securities Act and 10b-5 promulgated thereunder, violation of Ohio's Blue Sky Laws, and negligent misrepresentation, in addition to a request for declaratory relief that the First Amendment to the United States Constitution does not bar Plaintiffs' claims.  (Doc. # 20 ¶¶ 136-42.)  Plaintiffs assert that they restricted Lehman to purchase securities that were highly rated securities by a nationally recognized ratings agency, such as Defendants.  Plaintiffs further allege that Defendants fraudulently concealed the purportedly misleading nature of the inflated ratings assigned to the ARS involved in this litigation.

Defendants have filed a motion to transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  (Doc. # 26.)  Defendants contend that the factors involved in such a transfer motion weigh in their favor because all of the alleged activity occurred in New York, all of the defendants and their potential witnesses are in New York; Lehman, a likely non-party witness, is located in New York; all of the relevant documents would be in New York; and judicial economy would favor transfer.

Plaintiffs respond that Defendants have not met their high burden of proof because Plaintiffs are residents of Ohio, that the Court should give Plaintiffs' choice of forum high deference, and that the special venue provision of the Securities Exchange Act gives Plaintiffs broad choice in venue. Furthermore, Plaintiffs argue that Defendants did not specify which potential witnesses they might call, which witnesses would be outside the Southern District of Ohio's subpoena power, and what the scope of their testimony might be.

The parties have completed briefing the issues involved, and the motion to transfer is now ripe for disposition.

## II. Discussion

### A. Standard Involved

A transfer of venue is appropriate under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has discretion whether to transfer venue. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

The Sixth Circuit has stated that in deciding whether to transfer a case, "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.' " *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). The movant bears the burden to demonstrate that the balance of factors strongly favors transfer. *Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 214 (S.D. Ohio 1989). Private interest factors of the parties

include " 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive.' " *Hanning*, 710 F. Supp. at 214 (quoting *Gilbert*, 330 U.S. at 508).

Transfer is inappropriate if it merely shifts the burden of inconvenience. *See Reed Elsevier Inc. v. Innovator Corp.*, 105 F. Supp. 2d 816, 821-22 (S.D. Ohio 2000). There is thus a strong presumption in favor of a plaintiff's choice of forum that "may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). *See Trustar Funding v. Mruczynski*, No. 1:09-cv-01747-CAB, 2010 WL 1539759, at *10 (N.D. Ohio Mar. 30, 2010) (" 'Plaintiff's choice of forum should be given 'great' or 'substantial' weight when considering whether to transfer a case under § 1404(a).' " (quoting *U.S. v. Cinemark USA, Inc.*, 66 F. Supp. 2d, 881, 888 (N.D. Ohio 1987))). However, a plaintiff's choice of forum is given little weight " 'where none of the conduct complained of occurred in the forum selected by the plaintiff.' " *Keybanc Capital Markets v. Alpine Biomed Corp.*, No. 1:07 CV 1227, 2008 WL 828080, at *7 (N.D. Ohio Mar. 26, 2008) (quoting *Edmison v. Vision Inv. & Dev., LLC*, No. 1:06 CV 1108, 2006 WL 3825149, at *5 (N.D. Ohio Dec. 26, 2006)).

The Securities Exchange Act of 1934 provides for a broad venue provision, allowing a suit to be brought in any district "wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa. Although plaintiffs may enjoy a liberal choice of forum in securities cases because of the Securities Exchange Act, a plaintiff's choice of forum is not alone dispositive and is but one of the factors included in § 1404 balancing. *Lewis v. ACB Bus. Servs.,*

4

*Inc.*, 135 F.3d 389, 413 (6th Cir. 1998); *Roberts Metals, Inc. v. Florida Props. Mktg. Group, Inc.*, 138 F.R.D. 89, 93 (N.D. Ohio 1991).

### B.  Analysis

There is no dispute that Plaintiffs could have brought this action in the Southern District of New York.  The Court therefore moves directly to the parties' arguments regarding case-specific factors.

#### 1.  Plaintiffs' Choice of Forum Versus Location of Alleged Wrongdoing

Plaintiffs argue that because a plaintiff's choice of forum is usually given deference, especially under the broad venue provision of the Securities Exchange Act, the Court should afford Plaintiffs' choice of forum here such deference.  Defendants contend that Plaintiffs' choice is to be given less deference in this instance because all of the complained-of conduct occurred in New York, not in Ohio.

Defendants assert through affidavit that employees or former employees with knowledge of the securities and ratings are in New York, that all the work completed in connection with ARS ratings occurred in New York, and that all processes and methodologies used in determining the ARS ratings were developed and used in New York.  (Doc. # 26-2, Robinson Decl. ¶¶ 5-6; Doc. # 26-3, Sorce Decl. ¶ 7.)  Plaintiffs do not contest that the employees or other witnesses are in New York, that the ratings activities occurred in New York, or that Lehman, which might be a non-party witness, is located in New York and purchased the ARS in New York.

The Court agrees that, as noted above, a plaintiff's choice of forum is usually awarded high deference, but that is but one factor in the analysis and is not alone dispositive. This Court is also cognizant that a plaintiff's choice of forum is given less weight where none of the complained-of activity occurred in the plaintiff's choice of forum. *Keybanc Capital Markets*, 2008 WL 828080, at *7. Accordingly, the Court finds that although Plaintiffs' choice of forum obviously weighs in Plaintiffs' favor, the undisputed fact that nearly if not all of the complained-of conduct occurred in the transfer forum weighs in favor of transfer.

### 2. Private Interest Factors

In reviewing the private interest factors, including the location of sources of proof, the convenience of witnesses, the availability of compulsory process for unwilling witnesses, and judicial economy, the Court finds the balance weighs in favor of transfer.

In regard to sources of proof in this case, Defendants contend that all documents in Defendants' possession regarding the ARS ratings are located in New York and that this should weigh in favor of transfer. The Court agrees that all of the likely discoverable material is located in New York. This arguably weighs in favor of transfer, although in all practicality this factor may more appropriately be labeled neutral in light of the effect of technology on discovery.

Turning to the convenience of the witnesses and the availability of compulsory process for unwilling witnesses, the Court finds that these related factors weigh in favor of Defendants. Defendants contend that all employees and former employees are located in New York and that the likely non-party witness, Lehman, is located in New York. (Doc. # 39, at 5, 8, 9.) Plaintiffs do not dispute that likely party and non-party witnesses are located in New York; rather,

Plaintiffs' contention is that Defendants did not specifically identify all witnesses. Because all persons with knowledge regarding the ARS ratings are likely in New York and because Lehman, the actual purchaser of the ARS in this case, is a non-party located in New York, the Court finds Defendants' argument well taken. These factors weigh in favor of transfer.

The Court finds the factor of judicial economy in this case to be neutral. Defendants contend that a case in which they are parties has been transferred to the Southern District of New York by order of the Judicial Panel on Multidistrict Litigation in the Northern District of California. (Doc. # 39-1.) Therefore, Defendants reason, judicial economy would be served by having all related litigation tried in the Southern District of New York, particularly where there are several other pending ARS cases. The Court finds this argument instructive, but notes that since the briefing in this case was completed, the Northern District of California has denied transfer for all defendants other than Merill Lynch in the other litigation because the ARS purchases there occurred in California and because several non-party witnesses are located in California. *Anschutz Corp. v. Deutsche Bank Sec., Inc.*, No. C 09-03780 SI, slip op. at 2, 5 (N.D. Cal. Apr. 13, 2010). This Court is not aware of any other related case in the Southern District of New York to which Defendants are currently a party. Whether there are other ARS cases in New York is a fact relevant to the public interest concerns.

### 3. Public Interest Factors

The Court should also consider public interest factors in balancing considerations for transfer. *Moses*, 929 F.2d at 1137. Defendants point to six pending cases in the Southern District of New York involving fraud claims brought by purchasers of ARS. Defendants are not

currently a party to any of those pending cases. Nevertheless, the financial market is located in New York. In addition, this specific type of secured transaction is at issue in at least several cases in the Southern District of New York. Not discounting the fact that Ohio may have an interest in such litigation, this Court finds that New York has a more substantial interest in this particular action.

In sum, the only factor not favoring transfer is Plaintiffs' choice of forum. All of the likely sources of proof are in New York. All of the employees related to the ratings and other potential witnesses, including the likely non-party witness Lehman, are located in New York. All of the conduct related to the ARS ratings and the actual purchases occurred in New York. Finally, the Southern District of New York has some degree of public interest in the litigation. Accordingly, the Court finds the balance of factors strongly weighs in favor of transfer.

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to transfer and **TRANSFERS** this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of New York. (Doc. # 26.) The Clerk shall therefore transfer this case to the United States District Court for the Southern District of New York. The motion to dismiss remains pending. (Doc. # 25.)

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE